IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. SPECIALTY INSURANCE COMPANY,<br> *Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 4:22-cv-04262 |
| WHITE MARLIN OPERATING COMPANY LLC,<br> *Defendant* | §<br>§<br>§<br>§ | |

**DEFENDANT WHITE MARLIN OPERATING COMPANY'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT FOR INDEMNITY, <u>EQUITABLE, AND OTHER RELIEF</u>**

In response to the Complaint for Indemnity, Equitable, and Other Relief ("Complaint") filed by Plaintiff U.S. Specialty Insurance Company ("USSIC"), Defendant White Marlin Operating Company ("WMOC") answers as follows. Each of the paragraphs below corresponds to the same-numbered paragraphs in the Complaint. WMOC denies all allegations in the Complaint, whether expressed or implied, that are not specifically admitted below. WMOC further denies that the Plaintiff is entitled to the requested, or any other, relief.

**I. PARTIES**

1. WMOC lacks sufficient knowledge or information to form a belief about the truth of the allegation.

2. WMOC admits the allegations in paragraph 2.

**II. VENUE**

3. The allegations in Paragraph 3 are legal conclusions and no response is required from WMOC.

4. The allegations in Paragraph 4 are legal conclusions and no response is required from WMOC.

5.	The allegations in Paragraph 5 are legal conclusions and no response is required from WMOC.

6.	The allegations in A

7.	WMOC admits that the language quoted in Paragraph 14 appears in Exhibit A of USSIC's Complaint. To the extent that Paragraph 14 states a legal interpretation regarding WMOC's obligations, the legal interpretation is denied.

8.	WMOC denies the allegations in Paragraph 15.

9.	WMOC lacks sufficient knowledge or information to form a belief about the allegations related to "Additional Named Principals" in Paragraph 16.  WMOC denies the allegation that it is obligated to USSIC.

10.	WMOC lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 17.

11.	WMOC denies that has a contractual obligation for all of the bonds listed in Paragraph 18.  WMOC lacks sufficient knowledge or information to form a belief about the remaining allegations in Paragraph 18.

**_Indemnitor has Failed and Refused to Indemnify and Post Collateral Upon Demand_**

12.	WMOC admits that it received a written demand dated September 15, 2022. WMOC denies the remaining allegations in Paragraph 19.

13.	WMOC lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 20.

14.	WMOC denies the allegations in Paragraph 21.

15.	WMOC denies that USSIC is entitled to the relief requested in Paragraph 22. WMOC lacks sufficient knowledge or information to form a belief as to the truth of the

remaining allegations.

## IV.  CLAIMS FOR RELIEF

### *Breach of Indemnity Agreement*

16. Paragraph 23 does not contain any factual allegations and no response is required from WMOC.

17. WMOC denies the allegations in Paragraphs 24.

18. WMOC denies the allegations in Paragraph 25.

19. WMOC denies the allegations in Paragraph 26.

20. WMOC denies the allegations in Paragraph 27

### *Common Law Indemnity*

21. Paragraph 28 does not contain any factual allegations and no response is required from WMOC.

22. WMOC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29.

23. WMOC denies the allegations in Paragraph 30.

24. WMOC denies the allegations in Paragraph 31.

### *Specific Performance of Collateral Obligations of Indemnitor*

25. Paragraph 32 does not contain any factual allegations and no response is required from WMOC.

26. WMOC denies the allegations in Paragraph 33.

27. WMOC admits that USSIC has demanded collateral, but otherwise denies the allegations in Paragraph 34.

28. WMOC denies the allegations in Paragraph 35.

29. WMOC denies the allegations in Paragraph 36.

30. WMOC denies the allegations in Paragraph 37.

*Specific Performance of Bond Premium Obligations of Indemnitor*

31. Paragraph 38 does not contain any factual allegations and no response is required from WMOC.

32. WMOC denies the allegations in Paragraph 39.

33. WMOC denies the allegations in Paragraph 40.

34. WMOC admits that USSIC has demanded payment, but otherwise denies the allegations in Paragraph 41.

35. WMOC denies the allegations in Paragraph 42.

36. WMOC denies the allegations in Paragraph 43.

*Specific Performance of Duty to Furnish Books and Records*

37. Paragraph 44 does not contain any factual allegations and no response is required from WMOC.

38. WMOC denies the allegations in Paragraph 45.

39. WMOC denies the allegations in Paragraph 46.

*Exoneration*

40. Paragraph 47 does not contain any factual allegations and no response is required from WMOC.

41. WMOC denies the allegations in Paragraph 48.

*Collateralization/Quia Timet*

42. Paragraph 49 does not contain any factual allegations and no response is required from WMOC.

43. WMOC denies the allegations in Paragraph 50

44. WMOC denies the allegations in Paragraph 51.

45. WMOC denies the allegations in Paragraph 52

*Motion for Preliminary Injunction*

46. Paragraph 53 does not contain any factual allegations and no response is required from WMOC.

47. WMOC denies the allegations in Paragraph 54.

48. WMOC denies the allegations in Paragraph 55.

49. WMOC denies the allegations in Paragraph 56.

## V.  CONDITIONS PRECEDENT

50. WMOC denies the allegations in Paragraph 57.

## VI.  RECOVERY OF ATTORNEYS' FEES

51. Paragraph 58 does not contain any factual allegations and no response is required from WMOC.

52. WMOC denies the allegations in Paragraph 59.

53. WMOC denies the allegations in Paragraph 60.

## VII.  INTEREST

54. Paragraph 61 does not contain any factual allegations and no response is required from WMOC.

55. WMOC denies that USSIC is entitled to interest. The additional allegations in Paragraph 62 are legal conclusions and no response is required from WMOC.

## VIII.  REQUEST FOR RELIEF

56. WMOC denies that USSIC is entitled to any of the relief requested.

## IX. DEFENSES AND AFFIRMATIVE DEFENSES

WMOC asserts the following defenses to the claims and causes of action set forth in Plaintiff's Original Complaint:

57. Plaintiff's claims are barred by estoppel.

58. Plaintiff's claims are barred by res judicata.

59. Plaintiff's claims are barred by the doctrine of unclean hands.

60. Plaintiff's claims are barred by accord and satisfaction.

61. To the extent that Plaintiff has failed to mitigate alleged damages, WMOC asserts failure to mitigate as an affirmative defense.

62. WMOC has paid for the bonds referenced in the Complaint for which it is responsible.

63. Another party assumed responsibility of the obligations for which WMOC has not made payments.

64. WMOC reserves the right to plead additional defenses or affirmative defenses that may be applicable based on evidence revealed during discovery.

## X. JURY DEMAND

WMOC respectfully requests trial by jury on all contested issues of fact pursuant to Federal Rule of Civil Procedure 38.

## XI. PRAYER

For these reasons, WMOC asks the Court to enter judgment that Plaintiff takes nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award WMOC all other relief that the Court deems appropriate.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: /s/ Amir Halvey
    Amir Halevy
    State Bar No. 24065356
    Michael Cancienne
    State Bar No. 24055256
    1980 Post Oak Blvd., Suite 2300
    Houston, Texas 77056
    Telephone: 713.955.4025
    Facsimile: 713.955.9644
    ahalvey@jlcfirm.com
    mcancienne@jlcfirm.com

ATTORNEYS FOR DEFENDANT
WHITE MARLIN OPERATING
COMPANY

**CERTIFICATE OF SERVICE**

    This certifies that a copy of the above and foregoing was sent to all counsel of record via the Court's electronic filing system on January 25, 2023.

    /s/ Michael Cancienne
    Michael Cancienne