THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action 4:22-cv-04262 |
| WHITE MARLIN OPERATING COMPANY, LLC, | § § § § | |
| Defendant. | § | |

**WMOC'S REPLY IN SUPPORT OF A STAY**

Plaintiff U.S. Specialty Insurance Company's ("USSIC") Response to Defendant White Marlin Operating Company, LLC's ("WMOC") Motion to Stay attempts to mischaracterize the dispute between the parties and the role of the Bankruptcy Court. USSIC brought suit in this Court demanding payments from WMOC for twelve oil and gas reclamation bonds for which USSIC is surety. But, as USSIC neglected to inform this Court, six of the bonds were adjudicated in a bankruptcy proceeding, with the acquiescence of USSIC, to be the responsibility of another party, Formentera Partners Fund I, LP ("Formentera"). In that bankruptcy proceeding, Formentera purchased assets that were secured by the USSIC bonds at issue in this case (the "Formentera Bonds"). Contrary to USSIC's repeated assertions, WMOC's Adversary Proceeding for Declaratory Judgment does not require, nor does it seek, the Bankruptcy Court to adjudicate any issue between USSIC and WMOC; it simply asks that the Bankruptcy Court affirm the plain language of its Order which is that Formentera is solely responsible for the six disputed Formentera Bonds. Because the breadth of the Bankruptcy Court's orders is directly at issue for the majority of the bonds in this case, a stay is warranted.

1

I.   ARGUMENT

A.   **The Bankruptcy Court Retains Jurisdiction Regarding the Formentera Bonds.**

USSIC's Response focuses on analyzing the limited jurisdiction of the Bankruptcy Court. And USSIC's arguments would be potentially compelling if WMOC's Adversary Proceeding requested the Bankruptcy Court to adjudicate the dispute between USSIC and WMOC. But it does not; instead, the Adversary Proceeding makes clear that the only action requested of the Bankruptcy Court is to affirm whether its Order requires Formentera be responsible for the Formentera Bonds (as the Order states).

And for such questions, the Bankruptcy Court not only retains jurisdiction, but it has exclusive jurisdiction. "The Bankruptcy Court may properly, and upon the Effective Date shall, retain *exclusive* jurisdiction over all matters arising in or related to, these chapter 11 cases, including the matters set forth in Article XI of the Plan and section 1142 of the Bankruptcy Code." (Bankr. Dkt. 600 p.36) (emphasis added). Subsection 11 of Article XI includes "any cases, controversies, suits, disputes, or Causes of Action that may arise in connection with the Consummation, interpretation, or enforcement of the Plan or *any Entity's obligations incurred in connection with the Plan.*" (*Id.* at p. 149) (emphasis added). While USSIC may choose to file a motion to dismiss the Adversary Proceeding, lack of jurisdiction will not be a successful argument. And it's equally uncompelling here.

B.   **USSIC's "Governmental" Bond Argument Ignores Plain Language of Bankruptcy Order.**

USSIC's only other substantive argument is that Formentera has no responsibility for the Formentera Bonds because they were not issued by "Governmental" authorities. While USSIC's argument should have no bearing on this Court's decision given that the Bankruptcy Court retained "exclusive" jurisdiction over the interpretation and enforcement of the bankruptcy plan, USSIC's argument regarding "governmental" bonds is demonstrably wrong.

2

USSIC asserts that "Formentera's agreement to 'execute new Payment and Indemnity Agreements with USSIC in a form satisfactory to USSIC' is limited to 'Credit Support set forth in Schedule 4.13 issued or posted by the Seller Group to any Governmental Authority" and that the Formentera Bonds are non-governmental bonds. (Dkt. 16 at p.2).  USSIC's Response, however, does not include the sentence in the same cited paragraph:  "The Debtors, USSIC and the Purchaser acknowledge that certain of the Surety Bonds are identified in Schedule 4.13 of the PSA (the "*Identified Surety Bonds*") and *will be treated in accordance with section 7.12 of the PSA*." (emphasis added)   All six of the Formentera Bonds are on Schedule 4.13 and are thus "Identified Surety Bonds."  (Bankr. Dkt. 513 p. 729-730)

As noted in the Motion to Stay, USSIC represented to the Bankruptcy Court that to protect its interests, "the bonds must be either *replaced by a buyer* or pass through unimpaired in a restructuring."  Had the Formentera Bonds passed through unimpaired, USSIC would have a potentially colorable argument against WMOC.   But the Bankruptcy Court granted USSIC's first option and ordered replacement of the "Identified Surety Bonds,", including the six Formentera Bonds,  by Formentera.  Thus, the Formentera Bonds are not the responsibility of WMOC, and a Stay, pending confirmation by the Bankruptcy Court would end any further proceedings regarding those six bonds.

C.     **All Factors Support a Stay**

Contrary to USSIC's assertions, all three factors to be considered for a stay favor a stay.  USSIC claims it will suffer harm from a delay from its "bargained for rights" as to the undisputed bonds.  But USSIC's argument ignores the fact that WMOC is current on payment for those six bonds, precisely because WMOC does not dispute responsibility for its bonds.  In other words, USSIC is already receiving its bargained for payments.  Moreover, rather than suffer from a delay in its ability to pursue USSIC's bargained for rights as to the Formentera Bonds, the stay

3

and Declaratory Judgment from the Bankruptcy Court will actually expedite resolution regarding the Formentera Bonds by allowing USSIC to seek recover from the proper party.

Meantime, both parties will be harmed if the stay is not granted. Discovery has not yet commenced in this case and to force both parties to conduct extensive discovery regarding responsibilities for the disputed Formentera Bonds would be a waste of time and resources for both parties. This is especially true in light of the fact that given USSIC's representations to the Bankruptcy Court that its rights would be protected by the bonds being "replaced by a buyer," USSIC would be estopped from demanding payment from WMOC on the Formentera Bonds after the Bankruptcy Court confirms that the bonds are the responsibility of Formentera.

Finally, as noted above, USSIC's argument that the Bankruptcy Court lacks jurisdiction on the specific issue addressed by WMOC's Adversary Proceeding is belied by the explicit language of exclusive jurisdiction found in the Bankruptcy Order. Judicial economy and comity favor granting of the stay. At a minimum, this Court should grant the stay until the Bankruptcy Court determines its jurisdiction.

## II.   CONCLUSION

The Declaratory Judgment sought in the Bankruptcy Court can eliminate all of the issues related to the six Formentera Bonds, which account for approximately three quarters of the dollar value of USSIC's claims, and likely simplify the remaining issues in dispute between USSIC and WMOC. A stay would serve the interests of judicial economy and save both parties significant resources. White Marlin respectfully requests that a stay be granted.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: */s/ Amir Halevy*
Amir Halevy
State Bar No. 24065356
Federal ID No. 1259956
Michael Cancienne
State Bar No. 24055256
Federal ID No. 964201
1980 Post Oak Blvd., Suite 2300
Houston, Texas 77056
Telephone: 713.955.4021
Facsimile: 713.955.9644
ahalevy@jlcfirm.com
mcancienne@jlcfirm.com

ATTORNEYS FOR DEFENDANT
WHITE MARLIN OPERATING
COMPANY

## CERTIFICATE OF SERVICE

I certify that on June 2, 2023, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court for the Southern District of Texas by using the Court's CM/ECF system, which will send notifications of such filings to all parties.

*/s/ Amir Halevy*
Amir Halevy