IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL CASE NO. H-22-4262 |
| WHITE MARLIN OPERATING COMPANY, LLC, | § § § § | |
| Defendant. | § § | |

## ORDER

White Marlin Operating Company, LLC, has moved to stay this action, (Docket Entry No. 15), pending a resolution of a related adversary proceeding in *In re Rockall Energy Holdings, LLC*, No. 22-90000 (Bankr. N.D. Tex. March 9, 2022).

White Marlin's motion provides some context for the present dispute. U.S. Specialty Insurance Company issued 29 reclamation bonds for oil and gas properties to entities affiliated with Rockall Energy Holdings, LLC. Eleven of those bonds are at issue here. In November 2019, Talco Petroleum, LLC, and Rockall Energy agreed to acquire the interests of White Marlin Operating Company and White Martin Petroleum. Talco became the parent company of both White Marlin entities. Rockall and Talco resolved disputes that arose over the price for the acquisition by November 2021.

In March 2022, Rockall and related entities filed for Chapter 11 bankruptcy in the Northern District of Texas. U.S. Specialty Insurance was a creditor in the bankruptcy as surety for 29 reclamation bonds issued for Rockall properties. Talco was a creditor in the bankruptcy as a result of money owed under its settlement agreement with Talco. The 29 bonds included the 11 bonds at issue in this case. Six of those 11 bonds secured assets sold to Talco by White Marlin.

During the bankruptcy, U.S. Specialty Insurance obtained protection of its surety interests for the issued bonds when the bankruptcy court approved Formentera as the purchaser of Rockall's assets. The bankruptcy court's order approving the purchase noted that Formentera "has agreed to execute new Payment and Indemnity Agreements" with U.S. Specialty Insurance for the 29 bonds.

U.S. Specialty Insurance sued White Marlin in this court, seeking premium payments and collateralization payments for the bonds, as well as other reimbursements. (Docket Entry No. 1). White Marlin takes the position that, of the 11 bonds at issue, five were issued to Rockall assets acquired by Formentera and are the sole responsibility of Formentera as a result of the bankruptcy court's order approving the Formentera purchase of Rockall's assets. White Marlin argues that most of the collateralization demand and all of the reimbursements for payments made to a power company for electrical services is attributable to one of the Formentera bonds. The parties dispute whether Formentera is solely responsible for the five bonds Rockall sold to Formentera.

On May 5, 2023, White Marlin filed an adversary proceeding in the bankruptcy action against U.S. Specialty Insurance and Formentera seeking a declaratory judgment that Formentera is responsible for the five disputed bonds. (Docket Entry No. 15-8) (Complaint, *Talco Petro. LLC v. Formentera Partners Fund I, LP*, No. 23-09003 (Bankr. N.D. Tex. May 5, 2023). That same day, White Marlin moved this court to stay this action until the bankruptcy court rules on its request.

A stay to allow the bankruptcy court to consider White Marlin's adversary proceeding is in the interest of party and judicial efficiency. The motion to stay is granted, pending the bankruptcy court's order or judgment resolving the adversary proceeding. The parties must notify this court within **seven days** of the bankruptcy court's resolution of the adversary proceeding.

SIGNED on June 23, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge