United States District Court
Southern District of Texas
**ENTERED**
July 31, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, | § § § | |
| *Plaintiff*, | § § | |
| VS. | § § | CIVIL ACTION NO: 4:22-cv-04262 |
| WHITE MARLIN OPERATING COMPANY, L.L.C., | § § § § | |
| *Defendant and Third-Party Plaintiff*, | § § § | |
| VS. | § § § | |
| FORMENTERA PARTNERS FUND 1, LP, | § § § | |
| *Third-Party Defendant*. | § § | |

**MEMORANDUM AND ORDER**

In December 2022, U.S. Specialty Insurance Company sued White Marlin for unpaid premiums, reimbursement for payments made, and collateralization for certain bonds. (Docket Entry Nos. 1; 25 at ¶ 5). White Marlin then filed a third-party complaint against Formentera Partners Fund 1, LP, on the basis that Formentera had a responsibility to pay for and indemnify White Marlin for the disputed bonds. Formentera now moves to dismiss the third-party complaint. (Docket Entry No. 28). Based on the record and the applicable law, the court denies Formentera's motion to dismiss.[1] The reasons are set out below.

**I.      Background**

---

[1] Formentera's original Motion to Dismiss (Docket Entry No. 27) is denied as moot.

This case involves obligations for five oil and gas reclamation bonds. In 2015, White Marlin allegedly agreed to a Payment and Indemnity Agreement with U.S. Specialty to be jointly and severally liable for ten reclamation bonds held by entities affiliated with Rockall Energy Holdings, LLC. (Docket Entry No. 25 at ¶¶ 5–7). In 2019, Talco Petroleum, LLC acquired Rockall's interests in White Marlin, White Marlin Petroleum, and White Marlin Oil and Gas. (*Id.* at ¶ 8). Talco took responsibility for some of the ten bonds under the Indemnity Agreement related to these acquired interests. (*Id.* at ¶ 9).

In March 2022, Rockall and its entities, including Petro Harvester Operating Company, Rockall LA, and White Marlin Midstream, LLC, filed for bankruptcy in the Northern District of Texas. (*Id.* at ¶ 11). These entities, at the time of bankruptcy, were responsible for the remaining non-Talco bonds under the Indemnity Agreement—the disputed bonds. (*Id.* at ¶ 7).

In June 2022, Formentera acquired oil and gas properties previously owned by Petro Harvester Operating Company, Rockall LA, and White Marlin Midstream, LLC in a Purchase and Sale Agreement approved by the Bankruptcy Court of the Northern District of Texas. (*Id.* at ¶ 12). Section 4.13 of the Purchase and Sale Agreement provided a complete list of the Debtor Rockall's obligations to Creditors related to the ownership and operation of the properties. (Docket Entry No. 29, Exhibit 3 at 49–50). Section 7.12 stated Formentera's obligation to pay for and replace bonds issued or posted to any "Governmental Authority" required to own and operate the acquired properties. (*Id.* at 68). Some of the acquired properties were insured by the disputed bonds subject to the Indemnity Agreement. (Docket Entry No. 25 at ¶¶ 7, 15–16). Formentera agreed to indemnify U.S. Specialty for 17 of 23 Rockall bonds associated with acquired properties. (Docket Entry No. 28 at ¶ 19). The 17 bonds did not include the disputed bonds. Formentera allegedly continues to own and operate the acquired properties insured by the bonds at issue. *Id.* at ¶ 14.

In May 2023, after filing this lawsuit in December 2022, White Marlin requested a declaratory judgment from the Bankruptcy Court in the Northern District of Texas—which had approved the Purchase and Sale Agreement in March 2022—on White Marlin's liability for the disputed bonds. *In re Rockall Energy Holdings, LLC*, No. 22-90000 (Bankr. N.D. Tex. March 9, 2022) (the "Adversary Proceeding"). The Bankruptcy Court found that the Purchase and Sale Agreement was clear and unambiguous, and that Formentera's obligation for buying and replacing bonds for the acquired properties extended to bonds issued or posted to any "Governmental Authority." (Docket Entry No. 29-2 at 12). The Bankruptcy Court dismissed White Marlin's complaint for failure to state a claim because it did not allege that any of the disputed bonds were issued or posted to any Government Authority. (*Id.* at 12, 14). On February 16, 2024, White Marlin filed a Third-Party Complaint against Formentera in this action. (Docket Entry No. 25).

## II.     The Legal Standard for Dismissal

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin

3

to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

### III.   Analysis

#### A.  Res Judicata

Formentera contends that White Marlin's claims are precluded under the doctrine of res judicata by the rulings issued in the Adversary Proceeding in the Bankruptcy Court of the Northern

District of Texas. White Marlin challenges Formentera's ability to invoke res judicata at this stage of the case because there are factual disputes as to its application.

It is generally not appropriate to raise res judicata in a Rule 12(b)(6) motion to dismiss; defendants typically assert it as an affirmative defense. *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005). Yet, "there are times when it may be raised on a Rule 12(b)(6) motion." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 410 (5th Cir. 2013) (citation omitted). This is a narrow exception requiring that: (1) "the *res judicata* bar is apparent from the complaint and judicially noticed facts," and (2) "the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (citation omitted).

In *C R U Shreveport, LLC*, a federal Louisiana district court applied the *Anderson* standard when a property owner challenged an insurance company raising res judicata in its motion to dismiss. *C R U Shreveport, LLC v. United Nat'l Ins. Co.*, No. 20-CV-151, 2020 WL 5948283, at *6 (W.D. La. Sept. 1, 2020), *report and recommendation adopted*, 2020 WL 5949977 (W.D. La. Oct. 7, 2020). The district court recognized that "[i]t may be that all of the facts needed to decide the defense are before the court . . . but it is better that such an important issue, potentially dispositive of a multi-million dollar claim, be decided in an indisputably appropriate procedural manner." *Id.* at *6.

Formentera contends that "because the facts 'are not controverted or are conclusively established,'" a Rule 12(b)(6) motion is appropriate for producing its res judicata argument. (Docket Entry No. 33) (quoting *Wicker v. Seterus*, No. 17-cv-99, 2018 WL 4856771, at *7 (W.D. Tex. Oct. 4, 2018)). As discussed below, the facts Formentera alleges establish res judicata are contested. Even if the facts were not contested, the exception allowing the assertion of res judicata

5

also requires no challenge from the plaintiff regarding the defendant's failure to raise res judicata as an affirmative defense. *Anderson*, 953 F.3d at 314; *see Test Masters*, 428 F.3d at 570 n.2 ("[G]enerally a res judicata contention cannot be brought in a motion to dismiss . . . . however, [the plaintiff] did not challenge [the defendant's] ability to argue *res judicata* in the motion to dismiss rather than in their response or a motion for summary judgment"); *see also Wicker*, 2018 WL 4856771, at *8 (quoting *Test Masters*, 428 F.3d at 570 n.2).

White Marlin *did* challenge Formentera's attempt to raise res judicata in a Rule 12(b)(6) motion. White Marlin clearly argued that "res judicata is an affirmative defense and should not be brought as a motion to dismiss." (Docket Entry No. 32). The Fifth Circuit has made clear that res judicata is appropriately raised in a Rule 12(b)(6) motion only if there is no challenge from the plaintiff. *Anderson*, 953 F.3d at 314. As in *C R U Shreveport*, "it is better that such an important issue . . . be decided in an indisputably appropriate procedural manner." *C R U Shreveport*, 2020 WL 5948283 at *6. The motion to dismiss based on res judicata is denied at this time, but res judicata may be raised on a fuller record.

### B. White Marlin's Equitable Claims

Formentera argues that White Marlin's equitable claims are barred either by an express agreement or by the finality of the Bankruptcy Court's Sale Order. Generally, equitable relief for a party is inconsistent "when a valid agreement already addresses the [subject matter of the parties' dispute]." *Hoover Panel Sys., Inc. v. HAT Cont. Inc.*, 819 F. App'x 190, 199 (5th Cir. 2020) (quoting *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000)). "Where a valid contract prescribes particular remedies or imposes particular obligations, equity generally must yield unless the contract violates positive law or offends public policy." *Gotham Ins. Co. v. Warren E & P, Inc.*, 455 S.W.3d 558, 563 (Tex. 2014) (quoting *Fortis Benefits v. Cantu*, 234 S.W.3d 642,

6

648–49). The Fifth Circuit has understood this to mean that if "the contract addresses the matter at issue, [the party invoking equity] is limited to the contract rather than equity when determining liability." *King v. Baylor Univ.*, 46 F.4th 344, 368 (5th Cir. 2022) (quoting *Gotham*, 455 S.W.3d at 563).

However, an express agreement will not bar equitable claims from a party not in privity to the contract. *Sojitz Energy Venture, Inc. v. Union Oil Co. of California*, 394 F. Supp. 3d 687, 704–05 (S.D. Tex. 2019). Formentera contends that White Marlin's equitable claims should be barred by the express agreements of the 2015 Indemnity Agreement and the Purchase and Sale Agreement. To overcome White Marlin's challenge that it is not a party to the Purchase and Sale Agreement between Formentera and Rockall, Formentera attempts to argue that the Agreement was negotiated between Rockall and Formentera "at arms-length" from White Marlin, which was on notice of the negotiations. But equitable claims are barred only when the subject matter of the suit is covered by an express agreement *between* the parties to the dispute. *See Sojitz Energy Venture Inc.*, 394 F. Supp. 3d at 704 & n.21 (explaining that an express contract that does not include the party invoking equity will not bar equitable claims, even if the agreement designates obligations for the non-privy party).

Formentera agrees that White Marlin is not a party (nor even a third-party beneficiary, according to the Bankruptcy Court) to the Purchase and Sale Agreement. Formentera argues that, even without res judicata, White Marlin's claims should still be barred because the Bankruptcy Court's Section 363 proceeding "transfers property rights . . . good against the world." (Docket Entry No. 33) (quoting *In re Shipley Garcia Enters. LLC*, No. 11-20016, 2014 WL 1329252, at *12 (Bankr. S.D. Tex. Mar. 28, 2014)). But *In re Shipley*, along with *Matter of Met-L-Wood Corp.*, 861 F.2d 1012 (7th Cir. 1988), on which *In re Shipley* relies, revolve around attacks on a Sale

Order. White Marlin is not attacking the Purchase and Sale Agreement; instead, White Marlin has accepted its confirmation in the bankruptcy process. White Marlin attacks Formentera's current ownership and operation of the properties. White Marlin's equitable claims for relief are not barred by an express contract.

Formentera also argues that "[c]laims for money had and received and unjust enrichment are materially and substantively identical," *Villarreal v. First Presidio Bank*, 283 F. Supp. 3d 548, 553 n.5 (W.D. Tex. 2017), meaning that the claims should be collapsed into one. However, as the *Villareal* court noted, the Texas Supreme Court has recognized unjust enrichment as a separate and valid cause of action. *See Fortune Prod. Co.*, 52 S.W.3d at 684 (upholding and rejecting damages for an unjust enrichment cause of action).

## IV. Conclusion

Formentera's amended motion to dismiss, (Docket Entry No. 28), is denied, and Formentera's original motion to dismiss, (Docket Entry No. 27), is denied as moot.

SIGNED on July 31, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge